IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 20-144 |
| DAEVON EGGLESTON | [UNDER SEAL] |

**FILED**
JUL - 8 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jonathan D. Lusty, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of a Firearm and Ammunition by a Convicted Felon<br><br>On or about March 9, 2020 | 18 U.S.C. § 922(g)(1) |

### II. ELEMENTS OF THE OFFENSE

**A.   As to Count 1:**

In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. DAEVON EGGLESTON knowingly possessed the firearm and/or ammunition described in Count One of the Indictment;

2. At the time of the charged act, DAEVON EGGLESTON had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3. At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4. DAEVON EGGLESTON's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

### III. PENALTIES

**A.   As to Count 1: Possession of a Firearm and Ammunition by a Convicted Felon (18 U.S.C. § 922(g)(1)):**

1. A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


 /s/ Jonathan D. Lusty
JONATHAN D. LUSTY
Assistant U.S. Attorney
PA ID No. 311180